UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PICKAR,<br><br>          Petitioner,<br><br>v.<br><br>ODUMYE AGIOBENEBO SR. and JOYCE AGIOBENEBO,<br><br>          Respondents. | Case No.: 24-cv-00364-JAH-KSC<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

On January 25, 2024, Petitioner, Joseph Pickar ("Petitioner"), filed a Juvenile Dependency Petition against Respondents, Joyce M. Agiobenebo and Odumye T Agiobenebo Sr. ("Respondents"), under the California Welfare and Institutions Code 300 in the Superior Court of California, County of San Diego, Meadowlark Juvenile Court for Excessive Discipline / Physical Abuse and Damage of their 12-year-old child. ECF No. 1-2 ("Petition"). The Petition only alleges a state law violation. Respondents, appearing *pro se*, filed a notice of removal on February 23, 2024. ECF No. 1. For the reasons set forth below, this Court finds it lacks jurisdiction over the Petition and, therefore, *sua sponte* remands the matter to state court for all further proceedings.

///

///

## DISCUSSION

### I. Legal Standard

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). As such, a federal court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94 (1998). Thus, at any time during the proceedings, a district court may *sua sponte* remand a case to state court if the district court lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c).

Removal of civil actions is governed by 28 U.S.C. § 1441 *et seq*. A state court action can only be removed if it could have originally been brought in federal court. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, a party invoking the federal removal statutes must establish jurisdiction by demonstrating the existence of: (1) a statutory basis; (2) a federal question; or (3) diversity of the parties. *See Ely Valley Mines, Inc. v. Hartford Acc. And Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. *See Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). The burden to demonstrate federal subject matter jurisdiction over the case is on the removing party. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

### II. Analysis

Upon review of the notice of removal and the Petition, this Court finds it appropriate to *sua sponte* remand the case to state court because the notice of removal fails to establish a proper basis for this Court's jurisdiction. The Petition asserts a cause of action under the California Welfare and Institutions Code Section 300 which does not arise under federal law. That Respondents assert violations of their constitutional rights and the Code of Federal Regulations during the state court proceedings (*i.e.*, a federal defense) fails to establish federal question jurisdiction. *See Caterpillar*, 482 U.S. at 392 ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's

properly pleaded complaint."). Accordingly, the Court deems it appropriate to *sua sponte* remand the matter to state court.

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the instant Petition is *sua sponte* REMANDED to state court for all further proceedings.

DATED:   February 27, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE